UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBEN VILLA AVALOS,

             Petitioner,

     v.

KRISTI NOEM, et al.,

             Respondents.

Case No.  1:26-cv-1695-TLN-JDP

A# 209-880-421

**ORDER**

Petitioner, a *pro se* immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 20, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.)  Respondents filed timely objections.  (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including Respondents' objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

1

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 20, 2026 (ECF No. 10) are adopted;

2. Respondents' Motion to Dismiss (ECF No. 6) is DENIED;[1]

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED;

4. Respondents are ordered to IMMEDIATELY RELEASE Petitioner Ruben Villa Avalos (A# 209-880-421) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

5. Respondents are further enjoined from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrates by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court is directed to serve **California City Detention Facility** with a copy of this Order

7. The Clerk of Court is ordered to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Date: April 28, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]    Given that Petitioner has properly named his immediate custodian and future injunctive relief is warranted for the additional Respondents who exercise legal control over immigration enforcement for Petitioner, the Court declines to dismiss the additional Respondents.  *See Gabino C.B. v. Warden Cal. City Corr. Ctr.*, No. 2:26-CV-00655-TLN-CKD, 2026 WL 890584, at *1 (E.D. Cal. Apr. 1, 2026).

2